# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

CLIFFORD JAMES SCHUETT,

    Defendant.

Case No.: 2:14-cr-364-JAD-GWF

**Order
[##93, 94, 96, 100, 109, 110]**

On December 2, 2014, Clifford J. Schuett pled guilty to threatening to kill or cause damage by explosive. In support of the plea, Schuett admitted that he—a wheelchair-bound paraplegic who had recently been released from prison—rolled himself into a federal office and reported to authorities that he had planted two bombs in the Lloyd D. George United States Courthouse targeting two district court judges. Schuett explained that he made the false threat because it was the best way he could get back to prison, where he would prefer to be. After a 70-minute plea hearing, the court accepted his plea and adjudicated him guilty of the offense.

Schuett is represented by counsel, and it has been repeatedly explained to him that motions for relief in this case must be filed by his lawyer and that motions filed by him directly will therefore be denied. *See* Docs. 28, 38, 54, 58, 85, 91. But Schuett persists. Among his currently pending motions are requests: (1) to withdraw his guilty plea and proceed to a jury trial; (2) for a change of judge or venue because he believes the court is prejudiced against him; and (3) for a writ of habeas corpus.[1] Due to the pendency of an additional motion for self representation,[2] the court addresses these *pro se* motions despite their filing in contravention of Local Rule 1A 10-6 and the repeated admonitions of this court. The court finds each lacks merit and denies them all.

---

[1] Schuett represents that his lawyer refuses to bring these motions on his behalf.

[2] Magistrate Judge Foley has scheduled a hearing to consider Schuett's request to proceed *pro se*.

1

**1.     Motions to withdraw the guilty plea [##93, 94]**

A criminal defendant has no right to withdraw a guilty plea. *United States v. Rubalcaba*, 811 F.2d 491, 493 (9th Cir. 1987).  But a district court may permit withdrawal of a guilty plea prior to sentencing upon a showing by the defendant of any "fair and just reason," a standard that is liberally applied.  Fed. R. Crim. Proc. 11(d)(2); *United States v. Ortega-Asciano*, 376 F.3d 879, 883 (9th Cir. 2004); *United States v. Nagra*, 147 F.3d 875, 880 (9th Cir. 1998).  "Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *Ortega-Asciano*, 376 F.3d at 883.  The district court must vacate a guilty plea that was "unfairly obtained or given through ignorance, fear or inadvertence." *Rubalcaba*, 811 F.2d at 493 (quoting *Kercheval v. United States*, 274 U.S. 220, 224 (1927)).  The defendant has the burden of establishing a fair and just reason for withdrawal. *See* Rule 11(d)(2)(B).

Schuett claims he should be permitted to withdraw his guilty plea and have his case set down for jury trial because he was not "legally competent to make legal decisions" as: (1) he had just been injured in his holding cell and was in "extreme pain," (2) he was having chest pains and was "under the influence of" nitroglycerin for his heart, and (3) he has been injured nine times while in pretrial detention.  Docs. 93, 94.  Schuett's answers to the court's extensive questioning during the 70-minute plea colloquy belie his current claims and compel this court to exercise its discretion to deny the motion to withdraw the guilty plea.[3]

**a.     Schuett's sworn statements demonstrated his competency to plead.**

The court extensively inquired into Schuett's frame of mind before proceeding with a

---

[3] The court does not find that a hearing on this motion is necessary.  The Ninth Circuit has held that "[a]n evidentiary hearing . . . need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (considering motion to suppress).  Moreover, the court need not hold an evidentiary hearing where "[t]estimony from live witnesses would have been largely cumulative of evidence that the court had already received." *United States v. Smith*, 155 F.3d 1051, 1063 n.18 (9th Cir. 1998) (request to review allegedly tainted evidence).   Schuett has not requested a hearing on this motion, and his allegations were answered in all significant respects during the plea colloquy.  The court finds that additional testimony would be largely cumulative of the evidence received at the plea hearing.

2

discussion of his plea agreement.  The defendant immediately informed the court that he was bleeding because he had fallen in the holding cell while attempting to maneuver out of his wheelchair.  He did not appear to be in pain: he was composed at the defense table during the entire nearly two-hour hearing, he actively participated in the discussion—he even laughed occasionally.  And at no time did he inform the court that he could not proceed as a result of the fall.  Indeed, he expressly told the court that he was clear-minded:

| | |
|---|---|
| Court: | As you sit here in court today, do you feel that you fully understand everything that's going on around you? |
| Schuett: | Yes, ma'am.  I do. |
| Court: | Would you say you feel clear-minded? |
| Schuett: | Yes, ma'am. |

Schuett's representation that he was under the influence of nitroglycerin for chest pains is similarly unsupported by his own sworn testimony.  The court specifically asked him to identify all medications he had taken in the previous 24 hours.  He responded with a list, but it did not contain the heart medication he now claims was impairing him at the hearing.  He was also specifically asked if any of his medications were causing him impairment; he denied they were.  Based on Schuett's sworn answers to questioning, his demeanor in court when responding to questions, and his counsel's representations that she felt Schuett was competent to plead, the court found that Schuett was competent to waive rights and enter a plea.  Schuett's instant, unsworn allegations do not persuade the court otherwise.

       **b.**       **Schuett made it clear that he was pleading because he is guilty, not because of his desire to expedite his departure from Pahrump.**

The record is also replete with Schuett's allegations that his medical conditions are not being properly attended to at his pretrial detention facility; the court addressed this issue specifically and directly before accepting the plea.  Schuett had sent the court a letter claiming that he was going to enter the plea only because he wanted to expedite his departure from the pretrial detention facility in Pahrump, Nevada.  Doc. 69.  The court began the hearing by raising this issue.  Schuett's counsel

3

explained that her client wanted to proceed with entering his guilty plea and was ready to respond to questions about the voluntariness of the plea. She also noted that the Marshal with knowledge of Schuett's custodial and medical details was present to discuss them. Summarizing his concerns with the Pahrump facility, Schuett explained, "the Pahrump facility's not a place—is not a bad place to do time, but it's no good for me. They cannot handle my medical condition there. And, as probably Marshal Carpenter would relate, there isn't too many places I can go in this district as far as . . . for medical treatment." The court then confirmed that Schuett was not entering a plea just to get out of the Pahrump facility but because he is guilty of the charged offense:

> The Court: All right. Let me ask you this question, sir. I understand that you are eager to expedite your departure from the Pahrump facility, correct?
>
> Schuett: Yes, ma'am, that is a definite.
>
> The Court: I want to be clear, sir, however, that you are making the decision to enter this Plea Agreement and to plead guilty because you are guilty as opposed to because you want to get out of Pahrump?
>
> Schuett: Yes, ma'am. I am guilty and I admit to that. And even though I'm still stuck at Pahrump. I am guilty of crime.
>
> The Court: Let me ask it this way then, sir: Assume for the purposes of this question that pleading guilty isn't going to get you out of Pahrump any sooner, assume that –
>
> Schuett: Yes, ma'am. I know that.
>
> The Court: - - would you still be pleading guilty?
>
> Schuett: Yes, ma'am. I would.

Finally, the court summarized its decision to accept Schuett's plea by describing its observations not apparent from a cold reading of the transcript:

> I want to just put on the record that I do recognize that I did receive a letter that contains certain representations [that Mr. Schuett was going to enter a plea only to expedite his assignment to a BOP facility and get out of the Pahrump detention facility]. And having sat here in the courtroom for about the last hour and ten minutes with Mr. Schuett and looked at him across the courtroom here and had an extensive conversation about his motives and his state of mind, I find that he

4

1

2

3

4

5

6

> fully understands and admits what he did, that he did it intentionally, and that he fully understands the consequences of both his actions and his waivers and his plea.  So I just wanted to make that record that I'm also relying heavily upon my observations of Mr. Schuett here in the courtroom and his demeanor and his presence of mind as he sits here in the courtroom.  I know those aren't entirely clear . . . upon merely reading a transcript, but I did want to state clearly on the record that this was an extensive plea colloquy and I am satisfied that Mr. Schuett is pleading guilty because he feels that he is guilty . . . and not for some other motivation.

7   In light of these observations and Schuett's sworn statements during the unusually lengthy plea

8   canvas, I am not persuaded by Schuett's current unsworn representations that he was somehow not

9   competent during the plea hearing and, thus, should be permitted to withdraw his plea.  Mr. Schuett

10   has not demonstrated a fair and just reason to withdraw his guilty plea.  His requests to withdraw his

11   plea and proceed to a jury trial (Docs. 93, 94) are denied.

12   **2.       Motions to change judge or venue [##96, 109, 110]**

13          Schuett also moves for a new judge or a new venue on the allegation that Judge Dorsey has a

14   conflict of interest.  Schuett offers two bases for this perceived conflict: (1) the judge has dismissed

15   two of the civil lawsuits Schuett has filed in this district, and (2) the judge knows Schuett is being

16   mistreated at the Pahrump facility and "she did nothing."  Docs. 96, 109, 110.  The court construes

17   these *pro se* motions liberally as motions for recusal.

18          Requests for recusal are governed by 28 U.S.C. §§ 144 and 455.  Under both statutes, recusal

19   is appropriate where "a reasonable person with knowledge of all the facts would conclude that the

20   judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins*., 987 F.2d 622, 626

21   (9th Cir. 1993) (citations omitted).  Recusal is justified "either by actual bias or the appearance of

22   bias." *Id.*  The alleged prejudice must result from an extrajudicial source; a judge's prior adverse

23   ruling is not sufficient cause for recusal except in "the rarest of circumstances." *United States v.*

24   *Holland*, 519 F.3d 909, 913–14 (9th Cir. 2008) (quoting *Liteky v. United States*, 510 U.S. 540,

25   554–56 (1994)); *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986).

26          Schuett identifies no extrajudicial source for the court's alleged bias.  Rather, he feels that the

27   court's decisions and actions in the context of his cases suggest that the court is prejudiced against

28

5

him.  *See* Docs. 96, 109, 110.  To be sure, the dismissal orders in Schuett's two civil actions before this court were based on an application of law to the facts, not on any personal animus towards Schuett.  *See* Doc. 17 in 2:14-cv-1431-JAD-PAL; Doc. 24 in 2:14-cv-1645-JAD-CWH.  His subjective belief that the court's adverse rulings against him demonstrate the existence of a conflict of interest is not a legitimate basis for recusal.  *See Studley*, 783 F.2d at 939.

Schuett's assertion that the court "did nothing" when presented with his allegations that his medical conditions are being ignored by the detention facility is just untrue.  The court questioned Marshal Carpenter extensively about Schuett's situation, received a summary of the medical care and accommodations being provided to this detainee, and specifically directed that Schuett's claim that he was bleeding as a result of falling in the holding cell right before the plea hearing be promptly addressed.  What became clear from that colloquy is that Schuett has been offered a number of accommodations to address his claims and concerns, many of which he has subjectively rejected.  It also bears noting that, when Schuett described his concerns under oath, the claims of abuse and mistreatment changed to a mere recognition that the Pahrump facility is poorly equipped to handle his unique demands, and Schuett acknowledged that he could manage at the facility until the Bureau of Prisons can transfer him out after sentencing.  In the end, the court set Schuett's sentencing hearing on an expedited basis.  Thus, Schuett's claims that the court "did nothing" in response to his claims about his conditions in Pahrump and recent injuries are belied by the record.

Finally, recusal is also not available under 28 U.S.C. § 144, which requires a party seeking recusal to set forth, ***in an affidavit***, facts and reasons for the belief that bias or prejudice of the district judge exists. *See* 28 U.S.C. § 144.  Schuett has offered no affidavit, and this failure justifies the court's exercise of discretion to deny the motion under § 144.  *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980).  Accordingly, Schuett has not established any basis for recusal, and his requests for a new judge or a new venue (Docs. 96, 109, 110) are denied.

**3.      Denial of Petition for Writ of Habeas Corpus [#100]**

Finally, I note that Schuett has also filed a petition for writ of habeas corpus within this case.  Doc. 100.  If he desires to seek habeas relief, he must do so by filing a petition for writ of habeas

corpus in a new action (not within this criminal prosecution matter) after exhausting any administrative procedures.  Accordingly, Schuett's petition for writ of habeas corpus (Doc. 100) is denied without prejudice to his filing of a separate petition of writ of habeas corpus after exhausting any applicable grievance or other administrative procedures.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Clifford Schuett's:

- Motions to withdraw his guilty plea and for a jury trial **[Docs. 93, 94] are DENIED**;

- Motions for a new judge and venue **[Docs. 96, 109, 110] are DENIED**; and

- Petition for Writ of Habeas Corpus **[Doc. 100] is DENIED** without prejudice to the filing of a new petition in a separate action.

DATED January 12, 2015

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE