UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:14-cr-00364-JAD-GWF |
|---|---|
| Plaintiff, | ORDER |
| v. | (Mot for Bond Hrng – Dkt. #120) |
| CLIFFORD JAMES SCHUETT, | (PWHC – Dkt. #121) |
| Defendant. | |

Before the court is Defendant's Motion for Bond Hearing (Dkt. #120), and a document entitled "Petition for a Writ of Habeas Corpus" (Dkt. #121) which the Defendant, who is represented by counsel, filed.  The district judge referred both motions to the undersigned for decision.

Schuett was initially charged in a Complaint (Dkt. #1) filed June 20, 2014.  The complaint charged him with threat to kill or cause damage by explosive in violation of 18 U.S.C. § 844(e).  He made an initial appearance on June 25, 2014, was appointed counsel, and a preliminary examination was set for July 10, 2014.  *See* Minutes of Proceedings (Dkt. #7).

The government moved to detain, and the Defendant was detained following a detention hearing as a flight risk and a danger to the community for reasons stated on the record and in a written Order of Detention (Dkt. #8).  Specifically, the court found that he was both a flight risk and a danger to the community because he did not interview with Pretrial Services, and the court had no information regarding his background, family or community ties, employment history, financial status or any other information that might be used to fashion terms and conditions of release.  The nature and circumstances of the offense charged involves a crime of violence.  The Defendant's criminal history reflects a previous felony conviction for the same offense, as well as multiple felony and misdemeanor convictions, including a conviction for escape without

1  force. Schuett had also been recently convicted of making a bomb threat in Henderson, Nevada,
2  for which he was sentenced to ninety days in custody. When he was released from Henderson
3  custody, the Defendant was alleged to have made additional bomb threats to both this court-
4  house and two judges within the courthouse. The Defendant's criminal history also reflected the
5  use of alias names and false dates of birth. Finally, the government's proffer reflected that the
6  Defendant had stated he would continue to make threats as long as he was is out of custody.

7  The Defendant appeared, in custody, before the district judge on December 2, 2014, and
8  waived indictment pursuant to a written plea agreement (Dkt. #73). Schuett pled guilty to Count
9  1 of the Information charging him with the offense of threat to kill or cause damage by explosive
10  in violation of 18 U.S.C. § 844(e). The court accepted the plea of guilty and set a hearing for
11  sentencing and disposition for February 17, 2015, after requesting an expedited presentence
12  report from the probation department.

13  The motion for bond hearing (Dkt. #120) requests a release on a personal recognizance
14  bond because the marshals and detention facility cannot handle his medical condition(s) and
15  Schuett cannot take care of himself in custody. Schuett claims that he has been beaten up and
16  assaulted while in detention, is not safe, and is going to be placed in segregation. He requests
17  relief from custody so that he can seek his own medical treatment for injuries caused by the
18  marshals and CCCA.

19  The second motion called a Petition for a Writ of Habeas Corpus seeks a court order that
20  the marshals provide a safe incarceration facility for him or release on bond to a halfway house.

21  Schuett has filed a number of other motions on his own behalf which have been
22  addressed by the district judge or magistrate judge assigned to his case. These two motions were
23  referred to me because I was the judge that conducted the detention hearing and ordered him
24  detained.

25  Schuett has now pled guilty to a felony offense involving a threat to kill or cause damage
26  by explosive, and is awaiting sentencing on February 17, 2015. He has filed other motions
27  seeking to postpone his sentencing so that he may appeal a number of other orders entered in his
28

1  case. His motion to postpone sentencing acknowledges that if the court grants his request, he
2  will remain in custody while the appeal runs its course.

3  The maximum penalty for the offense to which he pled guilty is a ten-year prison
4  sentence, a fine of not more than $250,000, or both. In his written plea agreement, the Defendant
5  admitted under penalty of perjury that the facts set forth in the plea agreement in paragraph 3 on
6  page 4 through 5, were true. Specifically, Schuett agreed that on June 3, 2014, he entered the
7  United States Immigration and Customs Enforcement field office in Las Vegas, Nevada and
8  stated he had placed explosives within the Lloyd D. George United States Courthouse. He
9  identified two United States district judges within the courthouse as targets of the explosives he
10 had placed and stated they were under the judges' desks. He was interviewed by a detective
11 from the Las Vegas Metropolitan Police Department, and after being advised of his *Miranda*
12 rights stated: (1) that he was threatening to blow up two federal judges; (2) that he wanted to
13 blow up the judge who sentenced him to prison and the judge who turned down his court case;
14 (3) that he placed bombs in both judges' courtrooms which would explode at noon the following
15 day; and (4) that if he got out of county jail that he would shoot a federal judge. He named the
16 judge that he would go after first.

17 The release or detention of a Defendant pending sentence or appeal is governed by 18
18 U.S.C. § 3143. It provides, in part, "that a judicial officer shall order a person who has been
19 found guilty of an offense who is awaiting imposition or execution of a sentence other than one
20 not recommended for a term of imprisonment" detained unless the judicial officer finds by clear
21 and convincing evidence that the person is not likely to flee or pose a danger to the safety of any
22 other person or the community if released. I originally found that Schuett was a flight risk and a
23 danger to the community for reasons stated on the record at the time of the initial detention
24 hearing and in the written order which followed it. Now that Schuett has pled guilty, is awaiting
25 sentence, and faces a substantial term of imprisonment, the court finds that he has not met his
26 burden of showing by clear and convincing evidence that he is not likely to flee or pose a danger
27 to the safety of any other person or the community if released.

28 For these reasons,

**IT IS ORDERED** that:

1. Schuett's Motion for Bond Hearing (Dkt. #120) and Petition for Writ of Habeas Corpus (Dkt. #121) are **DENIED**

DATED this 30th day of January, 2015.

                                              PEGGY A. LEEN
                                              UNITED STATES MAGISTRATE JUDGE