**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America, | Case No.: 2:14-cr-00364-JAD-GWF |
| Plaintiff | |
| v. | **Order Denying Motions** |
| Clifford James Schuett, | [ECF Nos. 325, 327, 329, 331, 334] |
| Defendant | |

Petitioner Clifford James Schuett is serving a 120-day sentence after admitting various supervised-release violations.[1] Though he is represented by counsel, Schuett continues to file motions and send the judge letters, pleading that he be released from prison.

As this court has advised Schuett,[2] the local rules of this court prohibit Schuett from filing motions when he is represented by counsel and from sending letters to the judge.[3] Schuett is still represented by the Federal Public Defender. Therefore, if he believes that he is entitled to some relief from the court, he must contact his attorney, Paul Riddle at the Federal Public Defender's Office, who will then determine whether a motion is warranted. As I explained in bold in my February 2, 2020, order, "**Schuett is cautioned that he must contact his counsel to**

---

[1] ECF No. 309 (judgment).

[2] *See, e.g.,* ECF No. 324.

[3] *See* L.R. IA 11-6(a) ("A party who has appeared by attorney cannot while so represented appear or act in the case. This means that once an attorney makes an appearance on behalf of a party, that party may not personally file a document with the court; all filings must thereafter be made by the attorney."); L.R. IA 7-1(b) (". . . [A]n attorney or pro se party must not send case-related correspondence, such as letters . . . to the court. All communications with the court must be styled as a motion, stipulation, or notice, and must be filed in the court's docket and served on all other attorneys and pro se parties. The court may strike any case-related correspondence filed in the court's docket that is not styled as a motion, stipulation, or notice.").

**file any future motions** in this case and that the court will summarily deny any future motion not filed by counsel while Schuett remains represented. Schuett is further cautioned that the court does not respond to, or act on, letters sent to the court or the judge."[4]

Despite this admonition, Schuett has filed three more motions for release and a supplement to that request, and he has mailed the judge yet another letter.[5] These motions are denied for three independent reasons: (1) Schuett is prohibited from filing pro se motions while represented by counsel; (2) Schuett has not shown how this court has jurisdiction to reduce or suspend his sentence, and this court lost jurisdiction to do so seven days after imposing the sentence;[6] and (3) Schuett has not demonstrated any meritorious basis for such relief.[7] Accordingly, I deny Schuett's requests to vacate or reduce his sentence or otherwise release him from prison. And I again remind Schuett that he is prohibited under Local Rule IA 7-1(b) from sending letters to the judge, and prohibited under Local Rule 11-6(a) from filing pro se motions while he remains represented by counsel.

---

[4] ECF No. 324 at 2.

[5] *See* ECF Nos. 325, 328, 329, 334, 335.

[6] *See* Fed. R. Crim. P. 35(a); *United States v. Penna*, 319 F.3d 509, 512 (9th Cir. 2003) ("The district court's jurisdiction to correct a sentence depends upon vacating the sentence and resentencing within the seven days following oral pronouncement of the sentence."). Schuett was sentenced on 1/14/2020. ECF Nos. 306 (minutes); 309 (judgment).

[7] Although the COVID-19 crisis may be a consideration for compassionate release, particularly in light of Schuett's documented medical challenges, he has not demonstrated that he has exhausted his administrative rights for such a release with the BOP. Plus, Schuett's demonstrated inability to comply with supervised-release conditions; serious mental-health problems; history of committing crimes immediately after each release from prison, for the sole purpose of avoiding homelessness; and the nature of his underlying crime (making bomb threats against judges in this courthouse) make him a poor candidate for compassionate release. *See* 18 U.S.C. § 3582(c)(1).

Schuett also asks the court to appoint new counsel for him because he has tried unsuccessfully to contact his appointed counsel.[8] The COVID-19 pandemic and the various stay-home orders that have been issued by local government have complicated the ability of criminal defense attorneys to contact their clients. Schuett is advised to continue to make efforts to contact his attorney; and the Court directs Mr. Riddle to ensure within five days of this order that he has provided Schuett with appropriate contact information for Mr. Riddle.

IT IS THEREFORE ORDERED that Schuett's motions to vacate, reduce, or suspend his sentence, or otherwise release him [ECF Nos. 325, 329, 334] are DENIED.

IT IS FURTHER ORDERED that Schuett's motions to substitute or appoint new counsel [ECF Nos. 327, 331] are DENIED.

IT IS FURTHER ORDERED that **the Clerk of Court is directed to SEND a copy of this order to Clifford Schuett** at the Nevada Southern Detention Center, 2190 E. Mesquite Ave., Pahrump, NV 89060.

Dated: April 3, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[8] ECF Nos. 327, 331.

3