| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |

| | |
|---|---|
| United States of America, | Case No.: 2:14-cr-00364-JAD-GWF |
| Plaintiff | |
| v. | **Order Directing Clifford Schuett to Take Further Action Regarding his Notice of Appeal by April 27, 2020** |
| Clifford James Schuett, | |
| Defendant | |

Petitioner Clifford James Schuett is serving a 120-day sentence after admitting various supervised-release violations.[1]  Schuett did not appeal from that judgment of conviction.  However, when this court struck six motions that Schuett filed on a pro se basis because he remained (and still remains) represented by counsel,[2] Schuett filed a pro se notice of appeal of that order approximately 41 days later.[3]

On April 6, 2020, the Ninth Circuit issued an order (attached to this order as Exhibit 1 for Schuett's reference) directing Schuett, his attorney of record Assistant Federal Public Defender Paul Riddle, and this court to take further action with respect to Schuett's potentially untimely appeal.  This court was directed "to provide [Schuett] notice and an opportunity to request that the time for filing the notice of appeal be extended, for a period not to exceed 30 days from the expiration of the time prescribed by Rule 4(b), upon a finding of excusable neglect or good

---

[1] ECF No. 309 (Judgment).

[2] ECF No. 324 (Order Granting Motion to Strike Pro Se Filings).

[3] ECF No. 330 (Notice of Appeal, which Schuett dated March 16, 2020).

cause" and to "send" the Ninth Circuit "a copy of" this court's "order setting forth the basis for its determination."[4]

In compliance with the Ninth Circuit's April 6, 2020, order,[5] IT IS HEREBY ORDERED that **Schuett has until April 27, 2020, to file a motion to extend the appeal deadline, in which he must advise this court why excusable neglect justifies the extension of that appeal deadline to March 16, 2020,** making his notice of appeal from the February 3, 2020, Order Striking Pro Se Filings timely. He must provide this information and request in a document that he titles "Motion to Extend Appeal Deadline" that he must dispatch by April 27, 2020.

IT IS FURTHER ORDERED that **the Clerk of Court is directed to SEND a copy of this order to Clifford Schuett** at the Nevada Southern Detention Center, 2190 E. Mesquite Ave., Pahrump, NV 89060.

Dated: April 7, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[4] *See* Exhibit 1 at 2.

[5] Case No. 20-10120, DktEntry 2.

EXHIBIT 1

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 6 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| UNITED STATES OF AMERICA, | No. 20-10120 |
|---|---|
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00364-JAD |
| v. | District of Nevada, Las Vegas |
| CLIFFORD JAMES SCHUETT, | |
| Defendant-Appellant. | ORDER |

Before: Peter L. Shaw, Appellate Commissioner.

Court records show that the Assistant Federal Public Defender Paul Donovan Riddle was appointed to represent defendant before the district court. It appears that counsel Riddle has not been granted leave to withdraw by the district court or this court. Accordingly, the Clerk has entered counsel Riddle on the docket as appellant's appointed counsel of record. *See* 9th Cir. R. 4-1(a).

Counsel has the duty to ascertain whether the defendant wishes to appeal and to file a notice of appeal upon the defendant's request. *See id.* Counsel also has the duty to continue to represent the defendant on appeal until counsel is relieved by this court. *See id.* Therefore, even though defendant filed a pro se notice of appeal, counsel Riddle remains responsible for prosecuting this appeal.

On March 16, 2020, appellant filed, pursuant to Federal Rule of Appellate Procedure 4(c)(1), a notice of appeal from the district court's February 3, 2020 order granting the motion to strike pro se filings, and at least one of those filings might have been construed as a timely notice of appeal from the January 15, 2020 judgment revoking supervised release. Because the notice of appeal was filed more than 14 days after entry of the order, it was not timely under Federal Rule of Appellate Procedure 4(b)(1)(A). The notice of appeal was, however, filed within 30 days after the expiration of the time to file the notice of appeal. *See* Fed. R. App. P. 4(b)(4). Accordingly, this case is remanded to the district court for the limited purpose of permitting the district court to provide appellant notice and an opportunity to request that the time for filing the notice of appeal be extended, for a period not to exceed 30 days from the expiration of the time prescribed by Rule 4(b), upon a finding of excusable neglect or good cause. *See* Fed. R. App. P. 4(b)(4); *United States v. Ono*, 72 F.3d 101, 103 (9th Cir. 1995) (order); *United States v. Stolarz*, 547 F.2d 108 (9th Cir. 1976).

The district court is requested to make this determination at its earliest convenience and to send to this court a copy of its order setting forth the basis for its determination. The district court is also requested to serve its orders on appellant's counsel at the following address: Assistant Federal Public Defender

Paul D. Riddle, Federal Public Defender's Office, 411 E. Bonneville Avenue, Suite 250, Las Vegas, NV 89101.

If counsel Riddle wishes to withdraw, counsel must, after assisting appellant with the issue identified above, file a motion in this court accompanied by a statement of reasons and proof of service on defendant showing defendant's current address and including: (1) a motion by appointed counsel to be relieved and for appointment of substitute counsel; or (2) a substitution of counsel showing that new counsel has been retained to represent defendant; or (3) a motion by defendant to proceed pro se; or (4) an affidavit or signed statement from defendant showing that defendant has been advised of defendant's rights with regard to the appeal and expressly stating that defendant wishes to dismiss the appeal voluntarily. *See* 9th Cir. R. 4-1(c).

The proceedings in this court are held in abeyance pending the district court's determination.

The Clerk shall serve this order on the district judge.

Within 14 days after the date of this order, counsel Riddle shall serve this order on appellant and provide this court with proof of service, including appellant's current address.